## LETTIE E. NICHOLSON v. NATIONAL MANUFACTURING & SUPPLY COMPANY.[1]

January 21, 1916.

Nos. 19,453—(116).

**Promissory note.**

> More than a year after its maturity, plaintiff received a promissory note executed by defendant Hodge for a personal loan to him. Hodge, before delivery, wrote the name of the defendant corporation on the back of the note. It is conceded that "the law is that respondent (corporation) had no authority or power to become accommodation maker or indorser." *Held* that the finding of the trial court that plaintiff is not a *bona fide* purchaser for value before maturity is supported by the evidence.

Action in the district court for Hennepin county to recover $450 upon the promissory note of defendant H. F. Hodge. The case was tried before Molyneaux, J., who made findings and ordered judgment in favor of defendant National Manufacturing Supply Company. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*Jay W. Crane,* for appellant.

*P. W. Guilford,* for respondent.

SCHALLER, J.

On March 26, 1910, defendant Hodge borrowed the sum of $450 from Mrs. Emma Nicholson, since deceased, and at that date the wife of

1 Reported 155 N. W. 1070.

R. F. Nicholson. This was a personal loan to Hodge, who thereupon made, executed and delivered his promissory note, dated on that day, payable to Emma Nicholson under the name of Mrs. R. F. Nicholson 60 days after date with interest at seven per cent from date until paid. Before he delivered the note, Hodge wrote on the back thereof the words:

National Mfg. & Supply Co.
H. F. Hodge,
Pres. & Treas.

On September 18, 1910, more than three months after the note became due and while she was still the owner and holder thereof, Emma Nicholson died intestate. She was survived by Ross F. Nicholson, her husband and sole heir at law. On July 19, 1911, a decree of distribution was duly made by the probate court of Hennepin county, Minnesota, whereby the note in question was assigned to Ross F. Nicholson, who transferred it to plaintiff herein, his present wife.

The case was tried to the court. Judgment was ordered for plaintiff against the defendant H. F. Hodge for the sum of $450, and in favor of the defendant corporation for its costs. Plaintiff moved for a new trial and appeals from the order denying her motion.

Appellant frankly concedes that "the law is that respondent (corporation) had no authority or power to become accommodation maker or indorser."

This disposes of the case unless plaintiff is a *bona fide* purchaser for value before maturity. The trial court found that she is not. The evidence is ample to support the finding.

Order affirmed.